UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. **4:20 CR 532 MTS SPM** |
| NICHOLAS SCHMITZ, | ) ) ) |
| Defendant. | ) |

## **MOTION FOR PRETRIAL DETENTION**

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and William Scharf, Assistant United States Attorney for said District, and moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the United States of America states as follows:

1. Defendant is charged with Felon in Possession of a Firearm, in violation of 18 U.S.C. 922(g), an offense for which a maximum 10 years imprisonment is prescribed under Title 18.

2. According to Jefferson County Sheriff's Office ("JCSO") investigative reports 20-5204, 20-14048, and 20-14651, NICHOLAS SCHMITZ was found to be unlawfully in possession of firearms as a convicted felon on three separate occasions, all in Jefferson County within a three month period beginning with an incident on February 15, 2020, continuing with another incident on May 6, 2020, and concluding with a final incident on May 11, 2020.  Throughout this period, JCSO investigate reports indicate that SCHMITZ was engaged in a general pattern of vehicle theft, suspected burglary, and controlled substances offenses, in addition to other suspected criminal

acts.

3. On February 15, 2020, a JCSO deputy found a firearm later identified as a Phoenix Arms .22 caliber handgun in a car that SCHMITZ had just vacated.  In a consensual interview after being Mirandized, Schmitz admitted that the gun was his.

4. On May 6, 2020, JCSO deputies investigating reports of suspicious vehicles at a vacant address encountered Schmitz and a number of his associates.  SCHMITZ was carrying a man bag at the time, and when asked what was inside, SCHMITZ admitted that there was a firearm in it. Inside the bag, a deputy did in fact discover a 9mm Smith & Wesson M&P handgun.

5. Finally, on May 11, 2020, JCSO detectives proceeded to a known address of SCHMITZ's, investigating his potential involvement in suspected vehicle theft and/or illegal narcotics activity.  The detectives observed SCHMITZ exiting a vehicle, and when patted down for reasons of officer safety the detectives found an empty Ruger handgun holster in his pocket. A handgun later identified as a Ruger LCP .380 caliber handgun was located directly under the seat that SCHMITZ had just been sitting in.

6. The Defendant's criminal history reflects that he has at least one prior felony conviction in Waukesha County, Wisconsin:

- 2016-CF-000738, *State of Wisconsin v. Nicholas J. Schmitz*
  Guilty Plea/Sentence Date:   January 26, 2017
          Count One:   Substantial Battery-Intend Bodily Harm (Felony I)
          Sentence:    3 years probation, revoked on September 28, 2017,
                       for 1 year imprisonment

7. There is a serious risk that the Defendant will be unable to abide by any conditions of supervision.  Court records indicate that he violated the terms of his probation on his prior felony conviction in Wisconsin, resulting in a term of imprisonment.  And his repeated return to criminal conduct involving drugs and firearms, even after being arrested a number of times, indicate a high risk that any conditions of supervision imposed will not deter the Defendant from further criminal

behavior.

8. Similarly, there is a serious risk that the Defendant will flee, given the Defendant's history of failing to comply with conditions of probation, his apparent ties to locales outside of the Eastern District of Missouri, including Wisconsin, and the potential sentence the Defendant faces in this case.

9. The Defendant's criminal history, and the nature and circumstances of the offenses charged reflect that there is a serious danger to the community that would be posed by the Defendant's release. Defendant has repeatedly returned to criminal activity as soon as he has been released after prior arrests, and there is no reason to believe that his behavior will be different with respect to the charges in this case. Further, there are no conditions or combination of conditions that will reasonably assure the Defendant's appearance as required.

WHEREFORE, the United States requests this Court to order Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ William Scharf*
WILLIAM SCHARF, #66676MO
Assistant United States Attorney