UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:20-CR-532-MTS |
| v. | ) |
| | ) |
| NICHOLAS SCHMITZ, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Nicholas Schmitz, represented by defense counsel William T. Marsh, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

   A. **The Plea:** Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, in exchange for Defendant's voluntary plea of guilty to Counts 1, 2, and 3 of the Indictment, the United States agrees that it will not argue at sentencing for application of the four-point enhancement for use of a firearm in connection with another felony offense, contained in § 2K2.1(b)(6)(B) of the United States Sentencing Commission Guidelines, and that no further

Page 1 of 14

federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

    **B.**    **The Sentence:**    The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree that neither party shall request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.

**3.**    **ELEMENTS:**

    **A.**    **Count 1:**    As to Count 1, Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    (i)    Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

    (ii)    Defendant, thereafter, knowingly possessed a firearm;

    (iii)    At the time Defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

    (iv)    The firearm was transported across a state line at some point during or before Defendant's possession of it.

    **B.**    **Count 2:**  As to Count 2, Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    (i)    Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

    (ii)    Defendant, thereafter, knowingly possessed a firearm;

    (iii)    At the time Defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

    (iv)    The firearm was transported across a state line at some point during or before Defendant's possession of it.

    **C.**    **Count 3:**  As to Count 3, Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    (i)    Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

    (ii)    Defendant, thereafter, knowingly possessed a firearm;

    (iii)    At the time Defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

    (iv)    The firearm was transported across a state line at some point during or before Defendant's possession of it.

4.  **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On February 15, 2020, a Jefferson County Sheriff's Office (JCSO) deputy on patrol in Imperial, Missouri, which is within the Eastern District of Missouri, spotted the Defendant, whom he knew had a felony warrant out for his arrest, standing next to a white car. Spotting the deputy, the Defendant got into the front passenger seat of the vehicle. In the driver's seat was a known associate of the Defendant's, who, as other officers arrived, fled the vehicle and ran into a nearby house. The deputy ordered the Defendant to exit the vehicle, which he did, and the deputy handcuffed the Defendant. In plain view on the rear passenger side floorboard of the vehicle, near where the Defendant had been sitting, the deputy spotted a handgun later identified as a Phoenix Arms .22lr caliber semiautomatic pistol. A JCSO detective later Mirandized and then interviewed the Defendant about the incident, and the Defendant admitted to the detective that he had possessed the handgun.

This handgun was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and, therefore, it had been transported across state lines and in interstate commerce prior to or during Defendant's possession. This handgun can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law.

On May 6, 2020, JCSO deputies responded to an address in Barnhart, Missouri, which is within the Eastern District of Missouri, based on a report of a suspicious vehicle being present.

On their arrival, the deputies observed four vehicles and six individuals. One subject fled the scene, while five remained, including the Defendant and an associate of his, both of whom the deputies knew had been involved in vehicle thefts before. The deputies temporarily detained all of the individuals at the scene including the Defendant, handcuffing them and conducting pat downs for officer safety. Defendant had in his possession a man-purse. When one of the deputies asked him what was inside, Defendant acknowledged, "I'm not going to lie; it's a gun." The deputies seized the man-purse, and found a handgun inside, later identified as a 9mm Smith & Wesson M&P semiautomatic pistol. A computer search revealed that this handgun had previously been stolen in Chesterfield, Missouri.

This handgun was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and, therefore, it had been transported across state lines and in interstate commerce prior to or during Defendant's possession. This handgun can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law.

On May 11, 2020, JCSO detectives investigating potential vehicle thefts arrived at an address in Imperial, Missouri, which is within the Eastern District of Missouri. On their arrival there, an associate of the Defendant's fled the scene on foot, and was pursued by a number of detectives, on suspicion that a motorcycle he had been observed driving was stolen. Defendant was sitting in the front passenger seat of a tan Saturn Ion car, and a third individual was observed walking away from the front driver door of the same car. A detective asked Defendant to exit the vehicle and patted Defendant down for officer safety, locating an empty Ruger handgun holster in Defendant's front right pocket. The detective asked Defendant where the matching handgun

was, and Defendant indicated that it was underneath the front passenger seat he had previously been observed sitting in.

After obtaining a consent to search the vehicle from its authorized driver, the detective did in fact find a Ruger LCP .380 caliber semiautomatic pistol underneath the front passenger seat, in a location that was readily accessible to the Defendant when he had been sitting in that same seat. Additionally, in a bag belonging to the Defendant, the detective found a gun box and owner manual matching the Ruger pistol, and a box of .380 caliber ammunition. Although Defendant claimed that the pistol belonged to his associate who was seen exiting the driver's seat of the car, Defendant nevertheless had both the power and intention to exercise control over the pistol.

This handgun was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and, therefore, it had been transported across state lines and in interstate commerce prior to or during Defendant's possession. This handgun can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law.

Prior to February 15, 2020, Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year. At the time Defendant possessed each of the aforementioned firearms, he knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

5. **STATUTORY PENALTIES:**

   A. **Statutory Penalties**: Defendant fully understands that the maximum possible penalties provided by law for each of the crimes to which Defendant is pleading guilty are imprisonment of not more than ten years, a fine of not more than $250,000, or both such

imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

In certain situations under Title 18, United States Code, Section 924(e) (Armed Career Criminal), Defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years. Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence.

6.  **U.S. SENTENCING GUIDELINES: 2018 MANUAL**

Defendant understands that these offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

A.  **Offense Conduct**:

(i)  **Chapter 2 Offense Conduct**:

(a)  **Base Offense Level**: The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of Defendant's criminal history and the characteristics of the firearms. The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

(b)  **Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:

- Two level increase pursuant to 2K2.1(b)(1) because Defendant possessed 3 firearms;

- Two level increase pursuant to 2K2.1(b)(4) because Defendant possessed a stolen firearm;

(ii) **Chapter 3 and 4 Adjustments**:

(a) **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and if Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section

3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

    **C.**    **Criminal History:**  The determination of Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to Defendant's criminal history and the applicable category. Defendant's criminal history is known to Defendant and is substantially available in the Pretrial Services Report.

    **D.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **A.**    **Appeal:**  Defendant has been fully apprised by defense counsel of Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

        **i.**    **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

        **ii.**    **Sentencing Issues:**  In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences Defendant within or below that range, then, as part of this agreement, Defendant hereby waives all rights to appeal all sentencing issues other

than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences Defendant within or above the determined Sentencing Guidelines range.

**B.  Habeas Corpus:** Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C.  Right to Records:** Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.  OTHER:**

**A.  Disclosures Required by the United States Probation Office:** Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

**B.  Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against Defendant.

**C.  Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon Defendant and may impose special conditions related to the

crime Defendant committed. These conditions will be restrictions on Defendant to which Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. Defendant understands that parole has been abolished.

      **D.**    **Mandatory Special Assessment:**   This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which Defendant agrees to pay at the time of sentencing. Money paid by Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

      **E.**    **Possibility of Detention:**   Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      **F.**    **Fines and Costs of Incarceration and Supervision:**   The Court may impose a fine, costs of incarceration, and costs of supervision. Defendant agrees that any fine imposed by the Court will be due and payable immediately.

      **G.**    **Forfeiture:**  Defendant agrees to forfeit all of Defendant's interest in all items seized by law-enforcement officials during the course of their investigation. Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of Defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United

States and to rebut the claims of nominees and/or alleged third party owners. Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9.  **ACKNOWLEDGMENT AND WAIVER OF DEFENDANT'S RIGHTS:**

In pleading guilty, Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. Defendant further understands that by this guilty plea, Defendant expressly waives all the rights set forth in this paragraph.

Defendant fully understands that Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant's counsel has explained these rights and the consequences of the waiver of these rights. Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely

and satisfactorily explored all areas which Defendant has requested relative to the United States' case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. Defendant further acknowledges that this guilty plea is made of Defendant's own free will and that Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

| Date | Signature |
|---|---|
| 5/13/21 | William Scharf, Assistant United States Attorney |
| 5/13/21 | Nicholas Schmitz, Defendant |
| 5/13/21 | William T. Marsh, Attorney for Defendant |

Page 14 of 14